# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **COMDISCO, INC.** *et al.,* | ) | Case No. 01-24795 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Bruce W. Black |

## NINETEENTH STATUS REPORT OF COMDISCO LITIGATION TRUSTEE

John W. Costello, not individually, but solely as Litigation Trustee (the "Litigation Trustee") under the Comdisco Litigation Trust Agreement (Revised) (as previously or hereafter amended, the "Trust Agreement") respectfully submits this Nineteenth Status Report pursuant to ¶ 6.13 of the Trust Agreement.

## INTRODUCTION

On or about July 31, 2002, this Court entered its Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the First Amended Joint Plan of Reorganization of Comdisco, Inc. and its Affiliated Debtors and Debtors in Possession (the "Confirmation Order"). Pursuant to the Confirmation Order, the Litigation Trustee was appointed, and the form of the Trust Agreement was approved. The Trust Agreement was executed by Comdisco, Inc. and by the Litigation Trustee as of August 12, 2002.

Under the Trust Agreement ¶ 6.13, the Trustee is required to submit quarterly status reports to the Bankruptcy Court. This is the Trustee's nineteenth status report.

## RELEVANT FACTS

On or about February 10, 1998, certain employees of Comdisco, Inc. (the "SIP Participants") entered into those certain Master Promissory Notes (the "Notes") in favor of The First National Bank of Chicago, as administrative agent, for the ratable benefit of the "Lenders"

from time to time holding the loans evidenced by the Notes (hereinafter, "Bank One, NA, now

known as JP Morgan Chase Bank, N.A." or "Bank One").  The loan proceeds that the SIP

participants received pursuant to the Notes were used to purchase stock in Comdisco, Inc., the

business entity by which they were employed.  Comdisco, Inc. unconditionally guaranteed the

obligations of the SIP Participants under the Notes (the "Guaranty").

On July 16, 2001, Comdisco, Inc. and certain of its affiliates filed petitions for relief

under Chapter 11 of the United States Bankruptcy Code in this Court, thereby commencing these

jointly administered proceedings.  In connection with these proceedings, Bank One filed a proof

of claim, individually and on behalf of itself and the other Lenders having an interest in the

Notes (collectively, the "Bank Group"), seeking to collect amounts due under the Guaranty (the

"Proof of Claim").

On January 23, 2003, Comdisco filed an amended specific objection to Bank One's Proof

of Claim, seeking the disallowance of the Proof of Claim based on the Guaranty.  On February

18, 2003, certain of the SIP Participants (the "Certain SIP Participants") filed their Petition for

Declaratory Relief (the "SIP Petition"), seeking "entry of an order pursuant to 28 U.S.C. § 2201,

declaring the contracts in the SIP program, including but not limited to the Notes, void and

unenforceable for violations of the Federal Securities Act of 1934 and the applicable margin

regulations."  *See* SIP Petition at ¶ 20.

Upon Bank One's motion, this Court dismissed those portions of Comdisco's objection

contending that the Guaranty and Notes were void, and dismissed the SIP Petition in its entirety.

The district court affirmed these decisions and both Comdisco and Certain SIP Participants

separately appealed the dismissal of their respective claims to the United States Court of Appeals

for the Seventh Circuit.  While the appeal was pending, Comdisco, Inc. and its affiliates and the

Bank Group reached a settlement agreement, which was approved by this Court on or about December 9, 2004.

As part of the settlement, the Bank Group agreed to assign the Notes to Comdisco Holding Company, Inc. or to the Litigation Trustee. On or about December 22, 2004, the Bank Group assigned certain of the Notes to the Litigation Trustee. On or about April 22, 2005, Comdisco Holding Company assigned two additional Notes to the Litigation Trustee. The Trust Agreement empowers the Litigation Trustee to take an assignment of the Notes and to enforce these instruments in accordance with their terms.

The Litigation Trustee has initiated litigation against certain of the SIP Participants to enforce the Notes in accordance with their terms. The Litigation Trustee filed suit against 65 SIP Participants on February 4, 2005. The complaints allege a single count seeking enforcement of the assigned Notes. Based on additional information developed through his investigation, the Litigation Trustee filed amended complaints in each of these cases.

Actions against SIP Participants residing in Illinois (the "State SIP Defendants") were filed in the Circuit Court of Cook County ("State Court Actions"). The State Court Actions are pending before Judge Charles Winkler as related matters. SIP Participants located outside of Illinois ("Federal SIP Defendants") were sued in the District Court for the Northern District of Illinois based on diversity jurisdiction ("Federal Court Actions"). The Federal Court Actions have been reassigned to Judge Gettleman pursuant to Local Rule 40.4. A list of the cases currently pending, the relief sought, and their respective venues is attached as Exhibit A.

## SUMMARY OF RECENT ACTIVITY BY LITIGATION TRUSTEE

***Status of Federal Note Collection Cases:***

On December 21, 2007, Judge Gettleman granted the Litigation Trustee's motion for summary judgment against Defendants Duncan and Paul. On September 24, 2008, Judge Gettleman entered a Memorandum Opinion and Order granting the Litigation Trustee's summary judgment motions against the remaining Federal SIP Defendants and denying Duncan's and Paul's motion to amend their affirmative defenses. On October 14, 2008, Judge Gettleman entered final judgments against each of the remaining Federal Court Defendants, except Duerr, Louisy, Huber, Harder and Hausler, awarding the Litigation Trustee principal, interest, attorneys' fees and costs under each Note. The Final Judgment Orders were docketed on October 21, 2008 for Defendants Paul, Dale, Herman, Prokos and Collins. The remaining Final Judgment Orders were docketed on October 22, 2008. Judge Gettleman extended the date for the Litigation Trustee to file a petition for attorneys' fees and costs until 30 days after all appeals are exhausted.

Judgment had previously entered by default against Defendant Michael Cothenet. The Litigation Trustee previously resolved and dismissed his claims against Thomas Flohr, Daniel Orr and Richard Frank. The litigation remains pending against Mssrs. Duerr and Harder.

The Litigation Trustee withdrew his motion for summary judgment against Claus Duerr due to fact issues that are unique to Defendant Duerr's case. This matter is set for further status on August 25, 2009.

Defendant Otto Harder was served with a copy of the complaint on July 9, 2009. His appearance and responsive pleading are due August 8, 2009.

On June 11, 2009, Judge Gettleman entered an order dismissing the case against Defendant Louisy pursuant to settlement. On June 18, 2009, Judge Gettleman entered an order

dismissing the case against Martin Hausler.  The Litigation Trustee has been unable to serve Mr.

Hausler in Germany, where he is believed to reside.  On June 11, 2009, Judge Gettleman entered

an order of default against Defendant Peter Huber.  A final order of judgment was entered on

July 15, 2009 against Huber.

The Defendants against whom judgments were taken filed notices of appeal in the

Seventh Circuit Court of Appeals on November 19, 2008.  The Court of Appeals consolidated

the cases on appeal, and set the following briefing schedule: Defendants are to file their opening

brief on or before September 30, 2009; the Litigation Trustee is to file his response brief on or

before October 30, 2009; and the Defendants' reply brief is due November 16, 2009.

Between November 7 and December 3, 2008, the Litigation Trustee issued and served

Citations to Discover Assets directed to Comdisco Holding Company, Inc., Mellon Investor

Services, and the individual defendants.  The Litigation Trustee has filed motions or other forms

seeking to register the Judgments in the judicial districts in which each of the Defendants reside.

The Litigation Trustee has issued and served additional filings to perfect judgment liens against

the various defendants.

On or about December 23, 2008, the Defendants against whom judgments were taken,

with the exception of Brunner, Tilley, Blair and Knaus, entered into that certain Stipulation and

Order Addressing Enforcement of Judgments, Turnovers of Specified Assets, Forbearance and

Related Matters (the "Stipulation").  The purpose of the Stipulation is to create an orderly

framework for the enforcement or settlement of the Judgments, as the case may be.  Pursuant to

the Stipulation and/or upon the Litigation Trustee's motion for turnover of assets, Judge

Gettleman entered orders on the 23rd and 29th of December, 2008, authorizing and directing

Comdisco and Mellon to turn over and assign to the Litigation Trustee all of the defendant's

right, title and interest in any Contingent Distribution Rights issued by Comdisco, Inc. or

Comdisco Holding Company (the "CDR's"), as well as any distributions accrued on account of

the CDR's.

### Status of State Note Collection Cases:

The State Note Collection Cases are pending before Judge Charles Winkler. On April 9,

2008, the Litigation Trustee filed comprehensive summary judgment motions against the State

SIP Defendants. Judge Winkler has not yet set a briefing schedule with respect to the summary

judgment motions. On July 22, 2008, the State SIP Defendants filed amended affirmative

defenses. The Litigation Trustee filed responses to the amended affirmative defenses on August

20, 2008.

The Litigation Trustee has filed a supplemental memorandum in support of the pending

summary judgment motions to address Judge Gettleman's ruling, as well as the additional

affirmative defenses raised by the State SIP Defendants. Judge Winkler set a cutoff date of July

31, 2009 to complete oral discovery in connection with the summary judgment motions. A

further case management hearing was conducted on August 4, 2009. At that time the court set

for the following briefing schedule for the pending motions for summary judgment: Response

briefs are due November 2, 2009, Reply briefs are due December 18, 2009, and a clerk's status is

scheduled for December 22, 2009.

### Discovery:

On July 8, 2008, Defendant Hewes served the Litigation Trustee with document

production requests, interrogatories and requests for admission. The Litigation Trustee has filed

and/or served written answers and objections to the discovery and produced requested

documents.

Defendants Slevin and Vosicky served third-party subpoenas upon Citibank N.A. and Standard & Poor's on July 10, 2008. Citibank and Standard & Poor's have objected to the subpoenas. Those depositions have not been scheduled and neither Slevin nor Vosicky has pursued a motion to compel the depositions.

Defendant Hewes served notices for the depositions of John W. Costello, Sandra Nimtz and Philip Martin. The notice of depositions for Sandra Nimtz and Phil Martin were withdrawn. The deposition of John W. Costello was conducted on December 8, 2008. Although Defendant Hewes reserved the right to continue Costello's deposition, he did not do so by the July 31, 2009 cut-off date.

On March 3, 2009, Defendants represented by Davis McGrath issued a third party subpoena for deposition directed to JPMorgan Chase Bank (a/k/a Bank One) for the deposition of certain corporate representatives. The corporate representative deposition was conducted on August 5, 2009. On July 16, 2009, Defendants represented by David McGrath conducted a corporate representative deposition of the Federal Reserve Bank of Chicago.

***Actions Pending Outside U.S.***

On November 16, 2007, the Litigation Trustee filed a lawsuit against Peter Huber in Austria for collection of his Note. Huber has been served in connection with the Austrian lawsuit and he has filed his defenses to the complaint. The Litigation Trustee posted a bond with the Austrian court as ordered by the court. Huber filed defenses to the Litigation Trustee's claims. The court allowed Huber to file a brief in response to the jurisdiction arguments raised by the Litigation Trustee. The motion is fully briefed and a hearing on the motion will be conducted in September, 2009.

### Recent Settlements:

To date, the Litigation Trustee has reached settlement agreements with 15 defendants, including settlements with 5 Federal Court defendants and 1 State Court defendant since May 1, 2009. The terms of the settlement agreement are confidential.

### Fraudulent Transfer Claims:

Based upon information obtained in the public record, the Litigation Trustee has reason to believe that certain of the SIP Defendants have transferred their assets to friends or family members for little or no consideration in an effort to avoid their Note obligations. The Litigation Trustee has therefore filed fraudulent transfer actions against eight of the SIP Defendants, including Defendants Fricas, Kenning, Keenan, Davis, Geisler, Hyland, Gazdziak, and Stachulski on March 18, 2007, in Circuit Court of Cook County (the "Fraudulent Transfer Actions"). The Fraudulent Transfer Actions are pending before Judge Winkler.

The fraudulent transfer defendants filed motions to dismiss their respective fraudulent transfer cases. Except for the Kenning Fraudulent Transfer Action, Judge Winkler denied the motions to dismiss. Judge Winkler ordered additional briefing on an issue unique to the Kenning Fraudulent Transfer Action. The issues have been fully briefed and submitted to Judge Winkler.

On June 30, 2009, the Fricas, Keenan, Davis, Geisler, Gazdziak and Stachulski defendants filed motions to dismiss pursuant to 735 ILCS 5/2-619 alleging that the Litigation Trustee's actions are untimely. The Litigation Trustee filed his response brief on July 15, 2009. Judge Winkler set the matter for hearing on October 9, 2009 and October 16, 2009Z.

### Actions to Collect Judgments:

The Litigation Trustee has retained local counsel in Texas to initiate efforts to collect the judgment entered against Defendant Blair in the Federal Note Collection Action. The

enforcement action is pending in the District Court of Tarrant County, Texas, 141st Judicial

District and captioned *Costello v. Blair*, Cause No. 141-234178-08.  On March 13, 2009, the

court entered an order appointing a receiver and a turnover of Blair's assets.

On or about March 7, 2009, Defendant Dale filed a voluntary petition for Chapter 7

bankruptcy in the United States Bankruptcy Court for the Southern District of California.  The

Litigation Trustee has filed a proof of claim for the judgment entered against Dale in the Federal

Note Collection Action.

### SUMMARY OF PROFESSIONAL FEES

A summary of the invoices billed from the inception of this engagement by the Litigation

Trustee and Wildman, Harrold, Allen & Dixon LLP, as well as the payments made thereon, is

attached hereto as Exhibit B.  As of August 2009, the Wildman firm has billed fees and costs of

$5,742,482.74.  The firm's initial retainer of $150,000.00 has been applied against these

invoices.  In addition, the Litigation Trustee has paid fees and costs of $26,664.50 incurred by

local counsel assisting the Litigation Trustee in other jurisdictions.

### SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS

Funds related to the resolution of the *Costello v. Pontikes, Costello v. Flohr, Costello v.*

*Sendlak, Costello v. Kenny, Costello v. Orr, Costello v. Herman, Costello v. Coons, Costello v.*

*Olenek, Costello v. Duncan,* and *Costello v. Louisy* matters were previously deposited into the

Comdisco Litigation Trust's account.  Since April 1, 2009, the Litigation Trustee also received

funds related to the resolution of the *Costello v. Haller, Costello v. McFarland, Costello v.*

*Hyland, Costello v. Collins, Costello v. Paul, Costello v. Knaus, Costello v. Tilley and Costello v.*

*Hyland* matters.  The Litigation Trustee will disclose the aggregate settlement amounts received

in a future report at such time when disclosure of receivables will not inadvertently disclose

confidential information. The Litigation Trustee received a disbursement of $58,492.74 from

Comdisco, Inc. related to the CDRs assigned to the Litigation Trustee during this quarter. In

addition, a total of 64,000 CDRs were assigned to the Litigation Trustee since April 1, 2009.

The Litigation Trust currently holds 1,881,753 CDRs.

Comdisco Litigation Trust has made the following disbursements during the second

quarter: Curtiss Summers (accountant), $3,150.00 and Chicago Title, $720.00. The Comdisco

Litigation Trust has also made disbursements for the payment of the accrued legal fees and

expenses to local counsel totaling $26,664.5 and the fees and expenses reflected in the Wildman

Firm's invoices summarized in Exhibit B hereto.

## SUMMARY OF DISTRIBUTION OF NEW COMMON STOCK

Neither the Litigation Trustee nor the Comdisco Litigation Trust has had any

involvement in the distribution of new common stock.

## CONCLUSION

By the time of his next status report, the Litigation Trustee should be in a position to

further report on the status of the appeals in the Federal Court Note Collection Actions, the status

of the efforts to collect judgments, as well as the summary judgment proceedings in the State

Court Note Collection Actions, and the progress of the Fraudulent Transfer Actions.


Dated:        September 11, 2009
              Chicago, Illinois

                        Respectfully submitted,

                        **JOHN W. COSTELLO, not individually, but solely
                        as Litigation Trustee under the Comdisco
                        Litigation Trust,**

                        By: /s/ Jeffrey Chang
                                One of His Attorneys

Jonathan W. Young (ARDC No. 06204590)
Meghan M. Hubbard (ARDC No. 6275155)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606-1229
Telephone: (312) 201-2000
Facsimile: (312) 201-2555
young@wildman.com
hubbard@wildman.com